# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| DEMETRIUS D. DILLARD, SR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:17CV112 |
| | ) | |
| DOLGEN CORP. LLC, and | ) | |
| SHANNON RICHARDSON, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

On November 9, 2017, the Memorandum Opinion and Recommendation of the United States Magistrate Judge ("Recommendation") was filed and notice was served on the parties in accordance with 28 U.S.C. § 636(b). [Docs. #20, 21.] The Magistrate Judge recommended that Defendants' Motions to Compel Arbitration [Docs. #8, 12] be granted, and that this case be administratively closed while the matter proceeds to arbitration, but either party may file a motion to reopen the matter if appropriate at the conclusion of the arbitration, without payment of filing fees. Plaintiff Demetrius D. Dillard, Sr. timely objected to the Recommendation. [Doc. #22.]

Pursuant to 28 U.S.C. § 636(b)(1), the district court "shall make a de novo determination" of the portions of the Recommendation to which specific objection is made. An objection is specific if it "reasonably . . . alert[s] the district court of the true ground for the objection." United States v. Midgette, 478 F.3d 616, 622 (4th Cir. 2007). On the other hand, the district court need not conduct a de novo

review "when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982). In the present action, because Mr. Dillard is pro se, his objections are "to be liberally construed." Erickson v. Pardus, 551 U.S. 89, 94 (2007). Mr. Dillard makes one specific objection to the Recommendation which the Court has reviewed de novo. For the reasons explained below, the Court will adopt the Recommendation in its entirety.

Mr. Dillard objects to only one issue. He asserts that his retaliation claim is not covered by the arbitration agreement he signed, because it is a claim for unemployment benefits. (Obj. to R. & R. [Doc. #22] at 1-2.) In his Complaint, Mr. Dillard alleges that Defendant Shannon Richardson supplied false information to the North Carolina Department of Employment Security which led to the denial of his unemployment benefits claim. (Compl. [Doc. #2] at 4-5.) He requests relief of "$200,000" because he was "subjected to humiliation, retaliation, pain and suffering, age discrimination, and inconvenience." (Id. at 5.) Mr. Dillard is correct that the terms of the arbitration agreement exclude claims for unemployment insurance benefits. (See Ex. A, Arb. Agreement [Doc. #9-2] at 1 ("Covered Claims do not include claims for unemployment insurance benefits.").) However, Mr. Dillard's claim is one for retaliation, not for unemployment benefits. See, e.g., Koger v. Woody, 2009 WL 2762610, at *4 (E.D.Va. 2009) ("At least one

court . . . has suggested that an employer's opposition to unemployment benefits based on false information constitutes an actionable claim of retaliation.")  Mr. Dillard is not asking to have benefits restored.  Instead, he is asking for damages because his employer retaliated against him by providing false information which resulted in the denial of his benefits.  Accordingly, this claim is covered by the terms of the arbitration agreement.  (See Ex. A, Arb. Agreement [Doc. #9-2] at 1 ("The procedures in this Agreement will be the exclusive means of resolving Covered Claims . . . [including] . . . retaliation.").)

To the extent that Mr. Dillard asks this Court to review the merits of the North Carolina Department of Employment Security's decision denying his request for unemployment benefits compensation and to award him unemployment benefits, this Court lacks subject-matter jurisdiction over such a request.  See, e.g., D.C. Ct. of Appeals v. Feldman, 460 U.S. 462, 482–88 (1983); Rooker v. Fid. Trust Co., 263 U.S. 413, 415–16 (1923); Adkins v. Rumsfeld, 464 F. 3d 456, 463–64 (4th Cir. 2006).  Instead, Mr. Dillard must, pursuant to North Carolina statute, appeal any decision denying his request for unemployment benefits to the appropriate North Carolina Superior Court.  See N.C. Gen. Stat. § 96-15(h), (i).

**IT IS THEREFORE ORDERED** that the United States Magistrate Judge's Order and Recommendation [Doc. #20] is **ADOPTED** and Defendants' Motions to Compel Arbitration [Docs. #8, 12] are **GRANTED**, and that this case be administratively closed while the matter proceeds to arbitration, but either party may file a motion

to reopen the matter if appropriate at the conclusion of the arbitration, without payment of filing fees.

This the 19th day of March, 2018.

                                    /s/ N. Carlton Tilley, Jr.
                                Senior United States District Judge